BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
BAYLEIGH J. PETTIGREW
Special Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:15CR088 LJO |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| BARRY LEE BOWSER, JR., | DATE: 9/28/15<br>TIME: 8:30 A.M.<br>COURT: HON. LAWRENC J. O'NEILL |
| Defendant. | |

The United States of America, by and through its undersigned counsel hereby submits this sentencing memorandum and formal objections to the presentence report filed herein on September 8, 2015.  C.R. 89.

**I. STATEMENT OF FACTS**

The basic facts are set forth in the presentence memorandum.

In addition, the government makes the following spelling correction.

**(1)**  PSR ¶5: The laser strikes occurred within a critical <u>descent</u> (not "decent") flight zone of Meadows Field Airport.

**II. SENTENCING RECOMMENDATION**

The probation officer recommends a high-end guideline sentence of 24 months based on a TOL 11 and CHC IV.  The probation officer found no basis for a downward departure or variance.

United States' Sentencing Memorandum                   1

The government agrees with the probation officer's recommendation, particularly in light of the following: (1) the severity of the offense, which caused the Kern County Sheriff's Office Pilot Kevin Austin to suffer flash blindness and eye irritation lasting several hours and had the potential to produce catastrophic results, P.S.R. ¶85; (2) the defendant's obstructive conduct (destruction of the laser and false testimony), P.S.R. ¶22; (3) the defendant's criminal history, including history of recklessness and violence in and outside of prison (convictions for battery, obscene/threatening phone calls, spousal abuse; arrests for hit and run, battery, torture, spousal abuse, firearms offense; prison disciplinary action for fighting) and affiliation with the Peckerwood gang, P.S.R. ¶28-30, 33-34, 39, 41-44, 49, 87.

### III. ARGUMENT

A high-end guideline sentence would have a significant deterrent effect. From 2011 to 2014, there have been over 16,000 laser illumination incidents reported to the Federal Aviation Administration. Airports in the Eastern District of California reported approximately 150 laser strikes in 2014. This year, there have been more than 40 reported laser strikes. Bakersfield reports the second highest number, after Fresno. The number of reported laser illumination incidents is particularly alarming, since "the misuse of laser devices poses a serious threat to aviation safety." *See* http://www.faa.gov/pilots/safety/pilotsafetybrochures/media/laser_hazards_web.pdf Aviators, such as helicopter pilots, are particularly vulnerable to laser illuminations when conducting low-level flight operations at night. *Id.*

A high-end guideline sentence also takes into account the severity of the offense. The defendant used a green laser pointer to track and twice strike a Kern County Sheriff's Office helicopter. P.S.R. ¶5. The laser beam caused visual interference of the pilot and disrupted Air-1's response to a call for assistance involving a naked man armed with a firearm. The pilot also experienced flash blindness and eye pain lasting several hours that felt like sand in his eyes. P.S.R. ¶5.

A high-end guideline sentence would avoid sentencing disparity. Since the Ninth Circuit's pronouncements in *Gardenhire* and *Rodriguez*, one defendant, Timothy Earl Wilson has been sentenced in this district. In *United States v. Wilson*, Case No. 1:14cr070 AWI, Senior District Judge Anthony W. Ishii sentenced Wilson, who had a CHC V, to 37 months in custody following his guilty plea. Like this

United States' Sentencing Memorandum                2

defendant, Wilson also struck Air-1 twice with a powerful green laser pointer.[1] Unlike this defendant, Wilson entered a guilty plea and did not obstruct justice or destroy evidence. Although Wilson's criminal history score was greater, his criminal history did not include as many convictions and arrests for violent crimes or offenses involving reckless conduct.

The recommended sentence is also quite lenient in light of pre-*Gardenhire* sentences that have been imposed on laser strike offenders in this district and were found to be reasonable. *See, e.g., United States v. Jared James Dooley*, 1:08CR008 LJO (laser defendant with CHC III and methamphetamine addiction sentenced to low-end guideline sentence of 24 months following guilty plea); *United States v. Charles Conrad Mahaffey,* 1:13cr181 LJO (laser defendant with CHC II sentenced to low-end guideline sentence of 21 months following guilty plea); *United States v. Brett Lee Scott*, 1:13cr110 AWI (laser defendant with CHC II sentenced to low-end guideline sentence of 21 months following guilty plea).

## IV.  CONCLUSION

Based on the foregoing, it is respectfully requested that the Court impose a sentence of 24 months.

Dated: September 14, 2015

BENJAMIN B. WAGNER
United States Attorney
BAYLEIGH J. PETTIGREW
Special Assistant United States Attorney

/s/ Karen A. Escobar
KAREN A. ESCOBAR
Assistant United States Attorney

---

[1] Kern County Sheriff's Office Deputy Jeremy Storar was the Tactical Flight Officer ("TFO") in both the *Wilson* and *Bowser* cases. In the *Wilson* case, Deputy/TFO Storar also experienced irritation to his eyes akin to the pain that Pilot Austin felt as a result of the laser strikes in this case.

United States' Sentencing Memorandum    3