UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRY LEE BOWSER, JR.,<br><br>Defendant. | 1:15-cr-00088 LJO SKO<br><br>**ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 29 AND 33 (Doc. 84)** |

The Court has received and reviewed the Defendant's pending alternative motions for judgment of acquittal or new trial (Doc. 84), coupled with the Government's opposition (Doc. 86). The matter is deemed appropriate to decide based upon the documents filed by both sides in the matter.

The Defendant was convicted by jury on July 1, 2015 of the sole count charged in the Indictment, aiming a laser pointer at an aircraft in violation of 18 U.S.C. § 39A. The aircraft involved was a Kern County Sheriff's Office helicopter. Factually, there was little in dispute. The central factual issue was whether the laser hit(s) occurred by way of inadvertence (by "accident," as the defendant testified), or intentionally (based on evidence the jurors could have deemed an admission, and/or on circumstantial evidence).

Defendant first argues that Government's expert, Dr. Leon McLin, should not have been permitted to testify because he was not qualified as an expert, and that, in the absence of Dr. McLin's testimony, the record would not support a conviction. Defense Counsel is focused on the Court's not making an express ruling on the qualification of Dr. McLin. The ruling of the Court was obvious. When the Court moves beyond the express ruling to address what the expert is allowed to testify to, the clear and obvious inference that can and should be made is that the Court is ruling that the witness is qualified in a limited way on the Court-described issues. As to the sufficiency of the evidence, the legal

1

test is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of all of the elements of the crime based on the evidence viewed in the light most favorable to the Government. *United States v Sharif*, 817 F.2d 1375, 1377 (9th Cir. 1987). As noted above, the record included a recorded statement by the Defendant the jurors could have deemed an admission going to knowledge and intent. The evidence was sufficient to support a finding of knowledge, even in the absence of Dr. McLin's corroborating testimony.

In addition, the defense alleges prosecutorial misconduct. The first issue is whether it occurred, and if so, the effect of any misconduct. *See United States v Weatherspoon*, 410 F.3d 1142, 1145-6, 1150-1 (9th Cir. 2005). Where the defense objected at the timely moment, the review is for harmless error; where no such objection was made, the review is for plain error. *United States v Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013).

The Court has reviewed each of the defense allegations on the issue of prosecutorial misconduct, Court error, Brady material violations and Impeachment matters, and finds that, even if true, no alleged misstatement (if it be a misstatement at all) or improper ruling (if there be an improper ruling at all) substantially prejudiced the Defendant.

The Court further finds that the Government's brief on the pending motions accurately and thoroughly represents the record. The defense is cautioned that convenient and out-of-context citations to the record are disturbing and inappropriate. Leaving out rulings and results to objections and side bar discussions is an attempt to mislead, and have serious ethical ramifications.

The motions are DENIED.

IT IS SO ORDERED.

Dated: **September 24, 2015**         **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE